# Clark *v.* Harrisburg Traction Company, Appellant.

*Street railways—Passenger—Ejection—Duties to intoxicated passenger.*

In an action against a street railway company by a passenger to recover damages for wrongful ejection from a car, a verdict and judgment for plaintiff will be sustained where the evidence shows that the passenger entered the car in a visibly intoxicated condition, having in his possession a ticket to his destination consisting of three severable coupons, that the conductor collected one of the coupons, that when the conductor demanded the second coupon, plaintiff was stupid with drink and asleep and paid no attention to the conductor's request, although not consciously refusing to

produce and surrender the ticket, that thereupon the conductor stopped the car, and ejected the plaintiff, and that the time of the ejection was half past ten o'clock at night.

Argued March 12, 1902.   Appeal, No. 16, March T., 1902, by defendant, from judgment of C. P. Dauphin Co., Sept. T., 1900, No. 123, on verdict for plaintiff in case of Richard Clark v. Harrisburg Traction Company.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Trespass to recover damages for an alleged wrongful ejection.   Before SIMONTON, P. J.

The facts are fully stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for the wrongful ejection for $445.17.   Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*C. L. Bailey*, of *Wolfe & Bailey*, for appellant.—A street car company is not liable for ejecting a drunken passenger from its car for failure to comply with a repeated request for his fare, or ticket, because the passenger might have been so stupidly drunk that his refusal was unconscious and not intentional, there being, under the opinion of the court below, unappealed from, no proof of injury other than the mere ejection: Hibbard v. New York, etc., R. R. Co., 15 N. Y. 455; Bennett v. Railroad Co., 7 Phila. 11.

*J. W. Swartz*, of *Swartz Bros.*, with him *John E. Fox*, for appellee, cited: Putnam v. Broadway, etc., R. R. Co., 55 N. Y. 108.

OPINION BY WILLIAM W. PORTER, J., April 21, 1902:

The defendant company operates a line of street railway about nine miles in length, from Harrisburg to Middletown, located upon the Harrisburg and Middletown turnpike, and running to Steelton, about three miles below Harrisburg, thence to Highspire, about three miles below Steelton and thence to Middletown.   The plaintiff, about ten o'clock on Saturday eve-

ning, May 15, 1900, while under the influénce of liquor, got upon a car of the defendant company at Harrisburg intending to go to his home in Middletown.   He had a special excursion ticket, consisting of three severable portions, one covering the distance to Steelton, one from Steelton to Highspire and one from Highspire to Middletown.   The first coupon was detached by the conductor. After leaving Steelton (the second stage of the journey) the plaintiff was asked several times by the conductor for his ticket or fare.   The conductor testified that the plaintiff refused to comply with the request.   Other witnesses testified that the plaintiff was stupid with drink and sleep and paid no attention to the conductor's requests.   Finally, the conductor stopped the car and ejected the plaintiff, about a mile before reaching Highspire. This was done about half-past ten o'clock at night, upon the turnpike, on a summer evening, which by some of the witnesses was said to be dark, and by others, bright with moonlight. About seven o'clock the next morning the plaintiff was found in a barn about one quarter of a mile from the place of his ejection and forty or fifty feet from the turnpike, severely injured about his face and head.   There was no evidence in the case to show the cause of these injuries.   The plaintiff says that he remembers nothing from the time of getting upon the car at Harrisburg until he was found the next morning.

The learned trial judge required the jury to find a special verdict.   They awarded to the plaintiff $445.17 for the wrongful ejection, and $2,554.83 for the special physical injuries received.   Two questions were reserved by the court.   First, whether there was any evidence to go to the jury which would justify a finding that the defendant had no right to put the plaintiff off the car, and, second, whether there was any evidence to go to the jury upon which they might find damages for the physical injuries received.   On motion non obstante veredicto, the court refused to enter judgment for the amount awarded for the physical injuries, because of the absence of evidence as to their cause.   He directed the verdict to stand for the smaller amount, representing the damages for ejection. The plaintiff does not appeal.   The defendant asks a reversal solely on the ground that there should have been a directed verdict.

It will be remembered that the plaintiff was accepted as a

passenger in a visibly intoxicated condition and that the conductor, before the ejection, had already detached one coupon from the plaintiff's through ticket. The plaintiff was not a trespasser, but a passenger, subject, however, to ejection for violation of his contract to surrender his ticket when demanded. Under the instructions and submissions contained in the charge, the verdict can only mean a finding that the conductor knew that the plaintiff had a ticket; that the plaintiff did not know or understand that the conductor demanded his ticket, and did not consciously refuse to produce and surrender it; and that in view of the plaintiff's condition it was negligence on the part of the conductor to eject the plaintiff as he did. The court below did not err in referring these questions of fact to the jury, and the defendant, therefore, was not entitled to a directed verdict.

As the judgment stands upon the record in the court below, it is affirmed.